**THYSSEN INC., Plaintiff,**

**v.**

**S/S FORTUNE STAR, her engines, boilers, tackle, etc., Taiwan International Lines, Ltd., et al., Defendants.**

**No. 80 Civ. 5664(RO).**

United States District Court, S.D. New York.

Oct. 24, 1984.

Harold M. Kingsley, New York City, for plaintiff; Randal D. Pratt, New York City, of counsel.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for defendants; Vincent J. Barra, John A. Ciraldo, New York City, of counsel.

## AMENDED OPINION

OWEN, District Judge.

This is an action for salt-water damage to steel pipe shipped aboard the vessel S.S. Fortune Star under charter to defendant Taiwan International Lines, Ltd. Plaintiff Thyssen Inc. was the owner of the pipe shipped from Korea to Puerto Rico under clean bills of lading with a specific clause that the pipe be "stowed under deck." The cargo was unquestionably received in good order and condition by the carrier and initially stowed in accordance with the instructions under supervision of the ship's officers. However, before crossing the Pacific, pursuant to an order of an officer of the vessel, most of the pipe was removed from below deck and stowed above deck, covered with canvas and plastic sheets.

Thereafter, in the Pacific, the vessel encountered rough weather and swells causing the vessel to roll and pitch and constantly take sea water on deck for a number of days, during which time the coverings for the pipe were badly damaged and torn. As a consequence of this, the pipe, upon arrival in Puerto Rico, was determined by a joint survey to have depreciated 23% in value. Plaintiff having contracted to sell the shipment to a customer for $214,743.70 was therefore required to remit to the customer $49,391.05. In addition, the plaintiff spent $3,989.15 in surveyor's fees to establish the damage. Plaintiff was reimbursed for its loss pursuant to a marine insurance policy by Italia Assicurazioni SpA which is hereafter deemed the real party in interest.

■ The removal of the cargo from below deck stowage to deck stowage is an unreasonable deviation from the bill of lading, exposing the cargo to additional risk and results in an "abrogation of the contract." *Jones v. Flying Clipper*, 116 F.Supp. 386 (S.D.N.Y.1953). Defendant Taiwan is therefore liable to the plaintiff as an insurer for its damage in the amount of $53,380.20 constituting the depreciation in value and the cost of the survey. The joint survey here, conducted by representatives of all interests, consisted of a sampling of the bundles of pipes, and was a proper and reasonable method of establishing damage, both as a factual matter and as a matter of law. *Compagnie De Navigation, etc. v. Mondial United Corp.*, 316 F.2d 163 (5th Cir.1963).

■ The plaintiff seeks punitive damages as well. Charterer contends that since it was not the owner and had not employed the crew, it had no responsibility in the punitive area for any misconduct. I reject this contention. *Nichimen Company v. M.V. Farland*, 462 F.2d 319, 332–3 (2d Cir.1972); *Prosser on Torts*, 4th Ed. § 2 p. 12. Plaintiff contracted for, and presumably insured on the basis of, protected stowage below deck. An officer of the vessel, deliberately dishonored the charterer's contractual obligation to stow below deck by removing the cargo from below to the deck—presumably to make room for (and income from) additional cargo which could not be carried unless it were stowed below. This, therefore, is beyond mere negligence and is obviously a wilful act in derogation of its obligation to the shipper which had specifically contracted to minimize the risk of damage to its shipment. Under such circumstances, I regard it as inappropriate to award merely contract damages where the conduct of the vessel indeed worked a fraud upon the owner of the cargo. See, *The Idefjord*, 114 F.2d 262 at 266 (2d Cir.1940). In the light of all the evidence and the law, *Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th

Cir.1981) punitive damages are awarded in the sum of $25,000.

Submit judgment accordingly with interest from the date of delivery of the pipe together with costs and disbursements herein.